# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

### NO. 03-07-00728-CV

**Twigland Fashions, Ltd., Appellant**

**v.**

**Nemia Miller, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-06-002877, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the order overruling the motion for rehearing en banc. I write separately to explain my reasons for doing so.

Under the Texas Rules of Appellate Procedure, en banc consideration of an appeal is disfavored:

> En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

Tex. R. App. P. 41.2(c). I believe "extraordinary circumstances" include such matters as (1) addressing legal issues on which Texas courts of appeals are split; (2) addressing issues that are highly significant to the public or in which the public has a high level of interest; and (3) overruling

an earlier decision of this Court. In addition, "extraordinary circumstances" may include other cases in which it is imperative, for whatever reason, that this Court speak with one voice. I do not believe the present case falls into any of those categories.

That leaves the category of cases in which it is "necessary to secure or maintain uniformity of the court's decisions." I do not believe the present case satisfies that standard either. The present case is highly fact-specific, as was the *Davis* case.[1] The fact that *Davis* affirmed a jury verdict in favor of the plaintiff, while the present decision overturns a jury verdict in favor of the plaintiff, does not make them inconsistent. Each opinion sets forth a detailed sufficiency-of-the-evidence review based on the particular facts of that case. Although there are some general similarities in the fact patterns, there are also many substantial differences. Accordingly, I do not see the present case as "represent[ing] a significant departure from this Court's prior hostile-work-environment jurisprudence."

I take no position on the merits of the present case, because I do not believe the case rises to the level at which en banc review is permissible under the rules. The dissenting justices believe that the evidence favoring the plaintiff in the present case constitutes more than a scintilla, while the justices on the original panel take the opposite view. In my view, this does not satisfy the strictures of rule 41.2(c).[2]

---

[1] *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30 (Tex. App.—Austin 1998, pet. denied).

[2] Moreover, if this Court were to hear or rehear en banc every case in which two or more justices could disagree on an evidentiary-sufficiency issue, I fear the resulting tsunami of en banc cases would inundate us.

2

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson, Puryear, Pemberton and Henson

Filed: October 22, 2010